**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5478-18T2

JESSE DAISEY,

     Appellant,

v.

NEW JERSEY
DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____

         Submitted November 9, 2020 - Decided December 1, 2020

         Before Judges Sabatino and Gooden Brown.

         On appeal from the New Jersey Department of Corrections.

         Jesse Daisey, appellant pro se.

         Gurbir S. Grewal, Attorney General, attorney for respondent (Jane C. Schuster, Assistant Attorney General, of counsel; Nicholas Falcone, Deputy Attorney General, on the brief).

PER CURIAM

In this prison disciplinary matter, Jesse Daisey, a state inmate, appeals a determination by the Department of Corrections that he committed prohibited acts *.803 (attempting to commit, aiding another person to commit, or making plans to commit any Category A or B offense), and *.207 (possession of currency over $50.00 without authorization). We affirm.

The violations stemmed from a corrections staff member's inspection on July 1, 2019 of a package sent to appellant by his aunt. The package contained a pair of sneakers. The staff member discovered a total of $140 in cash hidden under the soles of the sneakers, a sum above the $50 currency limit allowed by the institution's policies.

Prison staff suspected appellant had conspired with his aunt to have her send him the money illicitly. Another staff member, Keith Hooper, listened to recordings of phone calls between the aunt and appellant that occurred on June 29, two days before the cash was discovered. According to his written report, Hooper heard the aunt say on the recording that she had glued the money under the sneaker soles, which would be "very hard to detect." Appellant thanked her on the phone call for doing so.

When confronted with this, appellant initially denied trying to have cash smuggled into the prison. He later changed his story and claimed he had only

asked his aunt to send him money through legitimate means such as a money order.

Appellant was charged with the above noted infractions, and a disciplinary hearing was conducted. Appellant's counsel substitute entered a guilty plea at the hearing, but appellant subsequently claimed the plea was without his approval.

The audio of the aunt's calls and the video of appellant on the phone with her unfortunately were not playable at the disciplinary hearing. The hearing officer did consider Hooper's written report, along with other evidence, and found those inculpatory proofs more persuasive than appellant's attempted explanation.

Upon finding appellant guilty of the charged infractions, the hearing officer imposed upon him sanctions of 121 days of administrative segregation, thirty days' loss of recreation privileges, and 121 days of lost commutation time. Appellant then filed an administrative appeal internally within the Department. That appeal was denied on July 15, 2019.

Appellant contends in his letter brief that he was denied procedural due process and that the disciplinary decision is not supported by substantial evidence in the record. We disagree.

3

It is well established that our courts generally will not disturb the Department's administrative decision to impose disciplinary sanctions upon an inmate, unless the inmate demonstrates that the decision is arbitrary, capricious, or unreasonable, or that the record lacks substantial, credible evidence to support that decision. Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980); Figueroa v. N.J. Dep't of Corr., 414 N.J. Super. 186, 190 (App. Div. 2010).

The evidence considered by the hearing officer, even without a playing of the recorded conversation, is more than ample proof to support the charged infractions. The prohibited amount of currency was indisputably hidden in appellant's sneakers found in a package mailed by his relative to him. There is reasonable circumstantial evidence, including the investigation reports, that appellant arranged with his aunt to have her send him the hidden cash by this furtive means. Appellant's constructive possession of the contraband was reasonably established.

Moreover, prisoners in disciplinary matters are afforded only limited due process protections, such as fair notice of charges, an opportunity to confront witnesses, and a chance to present opposing evidence. McDonald v. Pinchak, 139 N.J. 188, 193-99 (1995); Avant v. Clifford, 67 N.J. 496, 528-32 (1975). These minimal requirements were met here. Appellant declined the opportunity

4

to call witnesses, testify in his own behalf, or confront the Department's witnesses. He had the aid of a counsel substitute. Due process was satisfied.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5478-18T2